IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW QUINN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF KANSAS ATTORNEY GENERAL, STATE OF KANSAS, UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, CITY OF TOPEKA, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　　　Defendants. | Case No. 24-2269-JWB-TJJ |

**REPORT AND RECOMMENDATION**

**NOTICE**

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

**REPORT**

Plaintiff, proceeding *pro se,* filed this action against the Office of Kansas Attorney General, the State of Kansas, United States Department of Justice, the Federal Bureau of Investigation, the City of Topeka, Kansas, and the United States Department of Health and Human Services alleging harassment, violations of his civil rights, illegal wire tapping, cyber

stalking, and hindering.[1] In conjunction with the filing of his Complaint, Plaintiff filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). That motion was granted, but service of the summons and Complaint upon Defendants has been withheld pending further order of the Court.[2]

When a party is granted leave to proceed without the prepayment of fees, 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss the case at any time if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The purpose of Section 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4] Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[5] Liberal construction, however, "does not relieve the plaintiff of the burden of

---

[1] Compl. at 1–4 (ECF No. 1).

[2] *See* Order (ECF No. 5).

[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

alleging sufficient facts on which a recognized legal claim could be based."[6]

Accepting the allegations of the Complaint as true and construing them in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges the following four paragraphs in his Complaint:

> These people and the Shawnee County Sheriff's Office follow me to Bark Park Shawnee County Park. They put a camera in the porta potty and . . . follow me around for and it's the USDHHS. Back in 2010, the state of Kansas followed me to Rochester, Minnesota and denied housing there. Child custody case in Iola, KS, Allen County, them and the USDHHS denied me my parental rights. It was the Shawnee County Attorney too. The Shawnee County Attorney to the Kansas Highway Patrol was tapping my to using state contractor.
>
> The FBI, Topeka Police Dept, and the DOJ Contractor tapped my phone and Topeka Police followed me around Topeka stalking me and hacking into my phone. They inside the Walmart West. I ask you people to keep these people away from me. It's harassment, invasion of my privacy, cyber stalking, using intimidate and violate my civil rights. Denying me things I am entitled to. And the Kansas City Missouri Office too, they followed me to Topeka from Kansas City, Kansas.
>
> The DOJ, Topeka Police Dept, and City Attorney office illegal wire tapping. They were blocking my phone calls, putting bullshit on my phone, cyber stalking. I couldn't use my phone, had the microphone they was listen to my call that way I could get anything done. They violate my civil rights to using city contractor worker and city worker.
>
> These people follow me from Kansas City, Missouri, and on 5-5-24 to Topeka, they followed me around, put camera in restroom and other public place and in Kansas City, Kansas. Them and DCF State of Kansas in Wyandotte County put a camera in my cousin's house. They deny me medical treatment at the Kansas City, Missouri office and the Lawrence, Kansas Office. They told the state to put that camera in that porta potty.[7]

Based upon these vague and conclusory allegations, Plaintiff's Complaint fails to plead sufficient factual allegations to raise a right to relief above the speculative level. Plaintiff has

---

[6] *Id.*

[7] Compl. at 1–4 (ECF No. 1) (punctuation and some minor revisions added for clarity).

thus failed to state a claim upon which relief may be granted and his case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **RECOMMENDATION**

Accordingly, the undersigned Magistrate Judge recommends this action be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of this Report and Recommendation shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated August 5, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge